Filed in open cart
FMT 9/21/07

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-87-SLR |
| ALFREDITO CAMPUSANO, a/k/a ERICSON PIMENTEL, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and the defendant, Alfredito Campusano, a/k/a Ericson Pimentel, by and through his attorney, Eleni Kousoulis, the following agreement is hereby entered into by the respective parties:

1. The defendant, Alfredito Campusano, a/k/a Ericson Pimentel, agrees to plead guilty to Count One of the Indictment charging him with re-entry after deportation in violation of Title 8, United States Code, Section 1326(a), which carries a maximum penalty of imprisonment for not more than two years, a $250,000 fine, or both, one year of supervised release, and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment, re-entry after deportation in violation of 8 U.S.C. § 1326(a): (a) the defendant is an alien; (b) the defendant previously was deported from the United States; (c) the defendant subsequently was found in the

United States; and (d) neither the Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, consented to the defendant's reentry.

3. The defendant admits that he is in fact guilty of the offense described in paragraphs one and two.

4. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

5. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction for acceptance of responsibility under USSG §3E1.1(a) based on the defendant's conduct to date.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing

guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7.	It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written document signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____		BY: _____
Alfredito Campusano					Beth Moskow-Schnoll
Defendant						Assistant United States Attorney

_____
Eleni Kousoulis
Attorney for Defendant

Dated: September 21, 2007

AND NOW, this 21st day of September, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
United States District Court Judge

3